# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE ESTATE OF MICHAEL KEATING BY MARIE KEATING, et al | : : : | CIVIL ACTION |
| v. | : : | |
| COATESVILLE VA MEDICAL CENTER, et al | : | NO. 10-2672 |

## MEMORANDUM OPINION

**Savage, J.**                                                            **November 2, 2010**

In this wrongful death and survival action alleging medical malpractice under the Federal Tort Claims Act ("FTCA"), the defendant United States of America[1] has moved to dismiss claims for wrongful death and loss of consortium. Relying on a strict interpretation of the FTCA notice requirement,[2] it contends that the Standard Form 95 submitted to the Department of Veteran Affairs ("VA") presented only a survival claim. It argues the wrongful death and consortium claims must be dismissed for lack of subject matter jurisdiction.

We conclude that the VA had notice of both the wrongful death and survival actions. Because a loss of consortium claim cannot be asserted in addition to the wrongful death claim, it must be dismissed. Therefore, we shall grant the motion to the extent it seeks dismissal of the consortium claim, and deny it as to the wrongful death claim.

---

[1] The plaintiff named Coatesville VA Medical Center, the United States of America, and the U.S. Department of Veterans Affairs as defendants. The United States alone is the proper defendant under the FTCA. *See, e.g., Culver v. United States*, No. 06-1865, 2007 WL 3052994 *3 (M.D. Pa. Oct. 17, 2007). Thus, the Coatesville VA Medical Center and the U.S. Department of Veterans Affairs shall be dismissed.

[2] 28 U.S.C. § 1346(b).

## Background

Michael Keating was admitted to the Veterans Administration Medical Center in Coatesville, Pennsylvania for treatment for post traumatic stress disorder. During his in-patient stay, he became unresponsive and never regained consciousness. He was transferred to Brandywine Hospital where he died on December 1, 2008, after spending months in a coma.

In February 2009, Marie Keating, Michael's wife, filed a Standard Form 95 notifying the VA of Michael's death and her intent to hold the VA liable. The VA did not act on the claim within six months. As the duly appointed executrix of her husband's estate, Marie Keating instituted this wrongful death and survival action alleging that Michael's death was caused by the VA doctors' medical malpractice.

## Motion to Dismiss Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) attacking the court's jurisdiction is treated the same as a Rule 12(b)(6) motion. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). However, a jurisdictional motion challenging the factual underpinnings of a court's jurisdiction under Rule 12(b)(1) requires less deference to the plaintiff's complaint. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). Because a "factual attack" in a Rule 12(b)(1) motion to dismiss addresses the court's power to hear the case, there is no presumption of truthfulness and we may consider materials outside the complaint to satisfy ourselves that the exercise of federal jurisdiction is proper. *Id*. at 139 and 145. The plaintiff has the burden of persuading the court that it has jurisdiction. *Gould*, 220 F.3d at 178.

## Discussion

As a prerequisite to filing an action under the FTCA, the claimant must file an administrative claim with the appropriate agency within two years of accrual of the cause of action; and, the agency must deny the claim. 28 U.S.C. § 2675(a). The failure of the agency to accept or deny the claim within six months is deemed a denial. *Id.*

If a claimant fails to exhaust this administrative remedy, the district court lacks subject matter jurisdiction. *Lightfoot v. United States*, 564 F.3d 625, 626-27 (3d Cir. 2009). The exhaustion requirement cannot be waived. *Id.* at 627 (quoting *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)).

The purpose of the exhaustion requirement is to afford the agency the opportunity to investigate and settle claims. *Owen v. United States.,* 307 F. Supp. 2d 661, 665 (E.D. Pa. 2004) (citations omitted). Consequently, the notice must be sufficient to apprise the agency of the nature and the amount of the claim. *Jensen v. United States*, No. 09-2977, 2009 WL 4117357, at *4 (E.D. Pa. Nov. 24, 2009).

There is no dispute that Marie Keating timely filed a Standard Form 95[3] notifying the VA that she was bringing an action on behalf of Michael's estate. The issue is whether the form encompassed causes of action for wrongful death and loss of consortium.

### Wrongful Death

Wrongful death and survival actions compensate "two different categories of claimants." *Tulewicz v. SEPTA,* 529 Pa. 588, 597 (1992). A wrongful death claim

---

[3] Standard Form 95 is a standard complaint form developed by the Department of Justice ("DOJ") to facilitate the presentment of claims to federal agencies. The DOJ promulgated Standard Form 95 pursuant to 28 U.S.C. § 2672, which authorized administrative agencies to settle claims asserted against them.

compensates the decedent's spouse, children, and parents for damages they sustained as a result of the death; a survival action compensates the decedent's estate for claims the decedent could have brought if he were still living. *Id.* at 596. Both causes of action are brought in the name of the estate by the estate's personal representative.

Although presentation of the claim to the appropriate agency prior to filing suit is jurisdictional, strict compliance with the Standard Form 95 is not. *Owen,* 307 F. Supp. 2d at 665. The statute does not specify the form of the requisite notice. Pursuant to regulation, the DOJ has established a procedure, using "Standard Form 95 or other written notification," for presenting a claim. 28 C.F.R. § 14.2 (a). The regulation does not require the detail that some courts have deemed essential. *See, e.g., Frantz v. United States*, 791 F. Supp. 445, 452 (D. Del. 1992) (government did not receive sufficient notice of a claim even if it "inferred" claim was being asserted); *Jensen*, 2009 WL 4117357, at *3 (notice insufficient even though agency's correspondence showed it "suspected" wife was asserting a claim). Numerous courts have not required strict compliance, instead looking at the substance and not the form of the notice. *See, e.g., Brunson v. United* States, No. 09-3341, 2010 WL 4158930, at *5 (E.D. Pa. Oct. 22, 2010) (correspondence with government relevant to finding notice); Starr *v. United States*, 262 F. Supp. 2d 605, 607-08 (D. Md. 2003) (government's discussion of wrongful death claim during telephone calls with plaintiff shows sufficient notice of claim); *Mack v. United States*, No. 00-2296, 2001 WL 179888, at *5 (D. Md. Feb. 21, 2001) (survival action not barred where government indicated notice of claim in correspondence with plaintiff); *Eskine v. United States*, No. 95-1364, 1995 WL 495903, *1 (E.D. La. Aug 18, 1995) (government's correspondence with plaintiff sufficient to prove notice of claim).

The regulation does not limit the form of the claim to a Standard Form 95. Nor could it. The executive branch cannot superimpose more stringent notice requirements than Congress has. Thus, where the submitted claim contains enough information to permit the agency to investigate and settle the claim, a technically deficient Standard Form 95 will not deprive the court of jurisdiction. *Owens,* 307 F.Supp. 2d at 665 (citing *Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1442 (5th Cir. 1990)).

Assuming the government is correct that Marie filed a "technically deficient" form with respect to her wrongful death claim, the "critical question" is whether the VA had sufficient notice of the claim to undertake an investigation and settlement. *Id.* at 666 (citations omitted). In making this determination, we consider the VA's conduct with respect to the claim and its written correspondence with the plaintiff. *Id.* at 667.

On March 3, 2009, in his letter to Marie's lawyer, VA Staff Attorney William Livingston acknowledged Marie's "tort claim alleging personal injury *and wrongful death*" (emphasis added), and requested the names and birth dates of Michael's children. This acknowledgment demonstrates that the VA had notice of both the survival and the wrongful death claims. The information regarding the children is relevant to a wrongful death claim meant to compensate the decedent's heirs. *See, id.* at 665 (requesting information regarding the decedent's beneficiaries undermines defendant's argument that it did not have notice).

Because the VA had sufficient notice of the wrongful death claim, Marie has exhausted her administrative remedies. Moreover, because a wrongful death claim can only be brought by one plaintiff on behalf of all parties entitled to recover damages, *Machado v. Kunkel*, 804 A.2d 1238, 1247 (Pa. Super. 2002), Marie's children were not

required to file their own separate claims.

## Loss of Consortium

Whether the VA had notice of a loss of consortium claim is not an issue. Even if it did, Marie still could not pursue the claim. Under Pennsylvania law, damages for loss of consortium are recoverable in a wrongful death action. *Keller v. Feasterville Family Health Care Ctr.,* 557 F. Supp. 2d 671, 687 (E.D. Pa. 2008) (citing *Linebaugh v. Lehr,* 505 A.2d 303, 305 (Pa. Super. Ct. 1986)). Thus, a spouse asserting a claim for wrongful death may not maintain a separate cause of action for loss of consortium. *Id.*

## Conclusion

We conclude that the VA had sufficient notice of the wrongful death claim, and Marie Keating may not assert a loss of consortium cause of action in addition to the wrongful death cause of action. Therefore, we shall grant the motion to dismiss only to the extent that it seeks dismissal of the loss of consortium cause of action.